ABNER PREWETT *vs.* JOHN W. CRUMP et al.

The act of the legislature allowing appeals from the probate court to this court, provides that they shall be from " any judgment, decree, or final order." *Held*, that the judgment appealed from was only an interlocutory order or decree, when appeals are only granted from final judgments or decrees.

ON appeal from the probate court of Monroe county; Hon. Nathan L. Morgan, judge.

The facts of the case are contained in the opinion of the court.

*R. Davis*, for appellant.

*Goodwin*, on the same side.

*Harris & Harrison*, for appellees.

*J. W. Goode*, on the same side.

Mr. Justice YERGER delivered the opinion of the court.

Abner Prewett as surviving executor of the will of Larkin Prewett, deceased, made a final settlement of his account as

Prewett *v.* Crump et al.

executor at the May term, 1846, of the probate court of Monroe county. On the 19th of February, 1847, the appellees filed a bill of review to surcharge and falsify the account; and at the February term, 1848, the case came on to be heard upon the bill, answer, exhibits, &c., when the court entered a decree setting aside the former order of final settlement; and directed the clerk to re-state the final account of defendant, (Prewett,) deducting therefrom the item of interest therein stated, and before allowed of $1015.01, and that he make report to the next court, and "All other matters and things were reserved until the coming in of said report." It is from this order, that the appeal in this case has been prosecuted. We have looked into the record, and do not find that any final decree has ever been made, and cannot therefore take jurisdiction of the case. The Act of 1844, Hutch. Code, 926, allowing appeals from the probate court to this court, provides that they shall be from "any judgment, decree, or final order." We consider that the obvious intention of the legislature was only to grant appeals on final judgments or decrees, and not from interlocutory orders or decrees; otherwise a multiplicity of appeals from the probate court would become burdensome and oppressive to the parties.

Appeal dismissed for want of jurisdiction.